## Foreign Business Trucks.

Koch, Dep. Att'y-Gen., Feb. 26, 1929.—Our attention has been called by your department to an instance that, in our judgment, requires this department to interpret the intent and meaning of section 409 of the Vehicle Code,

approved May 11, 1927, P. L. 886. There seems to be some misunderstanding among the officers charged with the enforcement of the provisions of this Code.

Two residents of Binghamton, New York, were recently haled by members of the State Highway Patrol before a justice of the peace and were charged with a violation of section 409 *(b)* and *(c)*. They were summarily convicted and paid fines. No appeal was taken to the Court of Quarter Sessions in either case.

It appears that these two men are retail coal dealers in the City of Binghamton, New York, and they own and operate in their business certain motor-trucks that are registered and licensed in the State of New York. They have been purchasing anthracite coal at the mines in Lackawanna County and hauling the same back to Binghamton for distribution to their customers.

Section 409 of the Vehicle Code provides as follows:

"*(a)* Non-residents of this Commonwealth, except as otherwise provided in this act, will be exempt from the provisions of this act, as to the registration of motor-vehicles, trailers and semi-trailers, for the same time and to the same extent as like exemptions are granted residents of this Commonwealth under laws of the foreign country or state of their residence: Provided, that they shall have complied with the provisions of the law of the foreign country or state of their residence relative to the registration and equipment of their motor-vehicles and the licensing of motor-vehicle operators, and shall conspicuously display the registration plates, as required thereby, and have in their possession the registration certificate issued for such motor-vehicle.

"*(b)* A non-resident owner of a foreign vehicle, operated within this Commonwealth for the transportation of persons or property for compensation, either regularly according to schedule or for a consecutive period exceeding thirty (30) days, shall register such vehicle and pay the same fees therefor as are required for like vehicles owned by residents of this Commonwealth.

"*(c)* Every non-resident, including any foreign corporation carrying on business within this Commonwealth and owning and regularly operating in such business any motor-vehicle, trailer or semi-trailer exclusively within this Commonwealth, shall be required to register each such vehicle and pay the same fees therefor as is required with reference to like vehicles owned by residents of this Commonwealth."

Under the reciprocity provisions of section 409 *(a)*, as the same are affected by the New York motor-vehicle laws, residents of New York would ordinarily be entitled to operate motor-vehicles registered in said state within this Commonwealth, unless such operation should come into conflict with sub-section *(b)* or *(c)*. It is clear that in the case at issue there was no violation of sub-section *(c)*, because the business of the non-residents was not carried on within the Commonwealth of Pennsylvania, nor were the trucks operated exclusively within this Commonwealth.

In the recent case of Com. *v.* Pickens [11 D. & C. 684], the Court of Quarter Sessions of Lawrence County had occasion to consider a state of facts closely paralleling those here presented. Pickens was the employee of a bakery at Youngstown, Ohio, and operated a motor-vehicle belonging to his employer, registered in Ohio, and used in the delivery of the product of said bakery. From time to time, he delivered said product within the limits of Lawrence County, Pennsylvania, and he was arrested and charged with the violation of section 409 *(b)* of the Vehicle Code.

In reversing the conviction, Judge Chambers, speaking for the Court of Quarter Sessions of Lawrence County, makes the following comment with regard to the intent of section 409 *(b)*: "It would appear that this section of

the act was intended to cover such vehicles as are engaged in the transportation of persons or property for hire or pay, in other words, whose business would be in the nature of that of a common carrier. In the case before the court, it is clear that this vehicle was not used for that purpose, but simply as a means of conveyance for the product of the owner to his customer, and that it was not in the contemplation of the legislature, under this section, to require a license fee from such vehicle."

An exception was noted in favor of the Commonwealth, but this department, feeling that Judge Chambers's construction of the section in question was entirely correct, decided to take no appeal from his decision. It is, therefore, clear that residents of states which extend like privileges to residents of Pennsylvania are entitled to operate within this Commonwealth motor-vehicles properly registered in the home states without transgressing the above-mentioned provisions of the Vehicle Code. The exceptions to this privilege exist when the foreign vehicle is operated within this Commonwealth for the transportation of persons or property for compensation, either regularly according to schedule or for a consecutive period exceeding thirty days. And the term "transportation of property for compensation" does not refer to the transportation of the products of a manufacturer or the wares of a retailer using his own motor-vehicle for transportation and delivery of the same. Subsection *(c)* forbids the operation without Pennsylvania registration of motor-vehicles belonging to non-residents engaged in carrying on business within the Commonwealth where such vehicles are operated exclusively within the Commonwealth in connection with said business.

The members of the Highway Patrol should be fully advised of the foregoing so that unwarranted prosecutions may no longer be instituted. It is easy to see that retaliatory measures by adjacent states might well follow the failure of the officers of this Commonwealth to closely adhere to the reciprocity provisions of our Vehicle Code.

From C. P. Addams, Harrisburg, Pa.